FRANK J. RODRIGUEZ, a/k/a FRANCISCO RODRIGUEZ, a/k/a FRANCISCO SAENZ CASTILLO AND STELLA RODRIGUEZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rodriguez v. Commissioner
Docket No. 44073-85.
United States Tax Court
T.C. Memo 1988-192; 1988 Tax Ct. Memo LEXIS 221; 55 T.C.M. (CCH) 756; T.C.M. (RIA) 88192; May 3, 1988. Ross Paulson, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: Respondent determined deficiencies in petitioners' 1984 Federal income tax and additions to tax as follows: Additions to Tax
Deficiency
Sec. 6653(b)(1) [1]
Sec. 6653(b)(2)
Sec. 6661
$ 801,603
$ 400,802
*
$ 80,160
The basis of respondent's determinations was that *222 petitioners had received and fraudulently failed to report $ 1,630,243 of income from illegal activities in 1984. Petitioners resided in West Covina, California, when they filed their petition herein. Their petition contested all of respondent's determinations. This case was set for trial in Pasadena, California, on February 16, 1988, by notice to the parties on September 16, 1987. Petitioners failed to appear on February 16 when the case was called during the call of the calendar, and it was deemed submitted for decision on the record. Pursuant to Rule 90, respondent served petitioner with a First Request for Admissions on November 25, 1987. Petitioner did not respond to the request. Under Rule 90(c), requests for admissions are deemed admitted unless an answer or objection is served on the requesting party "within 30 days after service of the request * * *." The Court in its discretion may allow a party more than 30 days to respond. Rules 90(c), 25(c). A motion to extend the time to file responses must, however, be made prior to the expiration of the 30 days following service of the request. ; , *223 affd. on another issue . If the time to file responses to the requests for admissions is not extended and no answers or objections to the requests for admissions are filed within the 30 day period, each request is automatically admitted without the entry of an order by the Court. Morrison v. Commissioner, supra, at 647; . The request for admissions, not responded to by petitioners, accordingly establishes the following material facts: 1. During the taxable year 1984, petitioners were engaged in the business of drug dealing and money laundering. 2. Petitioners' partner or coventurer in the businesses of drug dealing and money laundering during the taxable year 1984 was William E. Murcia, also known as Wilfredo Paz, also known as Edgar Wilfred Murcia. 3. During 1984, petitioner Frank J. Rodriguez, his partner, and various other persons acting on petitioners' behalf and at their behest, purchased cashier's checks at banks. 4. The cashier's checks were generally in amounts less than $ 10,000 in order to avoid banking laws which require banks and individuals to *224 complete cash transaction reports for amounts in excess of $ 10,000. 5. The cashier's checks were deposited into accounts in banks located in Connecticut, New York, and Florida. 6. The cash used to purchase the cashier's checks represented petitioners' profits from the sale of drugs. 7. A total of $ 1,031,214.51 of the cashier's checks were purchased from the Pacific Business Bank. 8. Those checks were purchased by means of U.S. currency consisting primarily of twenty dollar denominations brought into the bank in paper bags and boxes. 9. Petitioners and their partner deposited cash into various bank accounts during 1984. 10. The cash deposited into the accounts represented petitioners' profits from the sale of drugs. 11. The total of petitioners' and petitioners' partner's cashier's checks and cash deposits for the taxable year 1984 was $ 3,260,486. 12. Petitioners' share of the profits from the sales of drugs during the taxable year 1984 was $ 1,630,243. 13. During 1984, petitioners used several different social security numbers that were not assigned to them. 14. Petitioners filed a Federal income tax return for 1984 showing $ 3,511 in taxable income.
*225 15. On their 1984 Federal income tax return, petitioners failed to report taxable income of $ 1,630,243. 16. Petitioners' willful omission of taxable income from their 1984 income tax return, petitioners' use of several individuals controlled by them to convert cash into cashier's checks, petitioner Frank Rodriguezs' use of different names to conceal his true identity, and petitioners' own purchases of cashiers' checks in amounts under $ 10,000, evidence their intent to evade tax during taxable year 1984. 17. Petitioners fraudulently, and with intent to evade tax, omitted from their 1984 income tax return income in the amount of $ 1,630,243. Petitioners bear the burden of proof with respect to the deficiency and the addition to tax under section 6661 determined by respondent. ; Rule 142(a). It is clear from the deemed admissions and petitioners' failure to appear for trial that petitioners have failed to carry their burden of proof. The deemed admissions establish that petitioners received the unreported income determined by respondent and that their failure to report that income caused their Federal income liability *226 to be substanially understated within the meaning of section 6661(b). [2]
With respect to the additions to tax under section 6653(b), the burden of proof is on respondent to prove by clear and convincing evidence that an underpayment exists and that a part of the underpayment of tax is due to fraud with the intent to evade tax. Sec. 7454(a); Rule 142(b); . Respondent may rely on facts deemed admitted under Rule 90(c) to satisfy his burden of proof with regard to fraud. ; *227 . The material facts deemed admitted clearly and convincingly establish that an underpayment of tax exists for 1984 and that all of the underpayment is due to fraud with intent to evade tax for purposes of sections 6653(b)(1) and 6653(b)(2). To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted. ↩
*. 50 percent of the interest due on $ 801,603. ↩
2. Respondent determined the sec. 6661 addition to tax in the amount of 10 percent of the underpayment resulting from the substantial understatement. We recently held that the rate of the sec. 6661 addition to tax is 25 percent on additions assessed after October 21, 1986. Pallottini v. Commissioner,↩ 90 T.C. (March 30, 1988). Respondent has not, however, amended his answer to assert the higher rate of addition to tax. As respondent has not asserted the higher rate of addition to tax, our decision will be limited to the amount of the addition he determined in his notice of deficiency.